UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIA GENEE DICKEY,

                                        Plaintiff,                Case # 15-CV-6158-FPG

v.                                                                 DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

## INTRODUCTION

Tia Genee Dickey brought this case seeking review of the Social Security Administration's ("SSA") decision to deny her disability benefits. ECF No. 1. By Stipulation and Order, this case was remanded to the SSA for further administrative proceedings on January 7, 2016. ECF No. 11. Thereafter, the Court awarded Dickey's attorney $6,000 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 16.

On September 30, 2019, the SSA issued a Notice of Award granting Dickey disability benefits and withholding $16,790.63—25 percent of her past due benefits—to pay her attorney. ECF No. 18-2. On October 10, 2019, Dickey moved for $7,890.63 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 17. The Commissioner does not oppose the motion. ECF No. 20.

For the reasons that follow, the Court grants Dickey's motion and awards counsel $7,890.63 in fees. Counsel must remit the EAJA fee award to Dickey.

## DISCUSSION

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

Although the Commissioner does not dispute any of the above factors, the Court has nonetheless reviewed each one to assure that the requested fee is reasonable. As an initial matter, the Court notes that counsel requests only $7,890.63, which is less than the 25% statutory boundary of $16,790.63.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because Dickey's attorney was able to persuade the Commissioner to remand this case for further proceedings. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Here, counsel spent 30.1 hours representing Dickey before the Court. ECF No. 18 ¶ 9. Dividing the $7,890.63 fee requested by 30.1 hours yields an hourly rate of $262.14, which case law indicates is reasonable. *See, e.g.*, *Filipkowski v. Barnhart*, No. 05-CV-01449GLS/RFT, 2009 WL 2426008, at *2 (N.D.N.Y. Aug. 6, 2009) (approving $743.30 hourly rate); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 324 (S.D.N.Y. 2007) (approving $705 hourly rate); *Whittico v. Colvin*, No. 5:09-CV-907 (FJS/DRH), 2014 WL 1608671, at *5-6 (N.D.N.Y. Apr. 22, 2014) (approving $685.28 hourly rate).

Accordingly, based on all of the above, the Court concludes that the requested fee award is reasonable. Counsel must refund the EAJA fee award to Dickey, which he indicated he intends to do. ECF No. 18 ¶ 7; *see Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 457 (W.D.N.Y. 2005) (noting that if an attorney's fees award is ordered under the EAJA and § 406(b), the lesser of the two awards must be returned to the claimant).

## CONCLUSION

Dickey's motion for attorney's fees under § 406(b) (ECF No. 17) is GRANTED and Dickey is awarded $7,890.63 in fees. The Court directs the Commissioner to release the funds withheld from Dickey's benefits award. After counsel receives the § 406(b) fee, he must remit the $6,000 EAJA fee to Dickey.

IT IS SO ORDERED.

Dated: November 7, 2019
    Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge, United States District Court